UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:22-CR-43 |
| | ) | |
| JOSHUA RYAN EVANS | ) | JUDGE CORKER |
| | ) | |

PLEA AGREEMENT

The United States of America, by and through the United States Attorney for the Eastern District of Tennessee, the defendant, JOSHUA RYAN EVANS, and the defendant's attorney, Cameron C. Kuhlman have agreed upon the following:

1. The defendant will plead guilty to the following count in the Indictment:

a)    Count One, did knowingly receive any child pornography as defined in Title 18, United States Code § 2256(8), that had been mailed, or shipped, or transported in interstate or foreign commerce by any means including by computer in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1).

The punishment for this offense is as follows:  a minimum of 5 years imprisonment and up to 20 years of imprisonment, a maximum $250,000.00 fine, minimum of 5 years and up to life on supervised release, and a $100 mandatory assessment.

2. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crime charged.  In order to be guilty, the defendant agrees to the following:  As to Count One, the defendant agrees that each of the following elements of the crime must be proven beyond a reasonable doubt:

> I.   That the defendant knowingly received any child pornography
> II.  That the defendant knew that the material was child pornography
> III. That the child pornography was mailed, shipped, or transported in interstate commerce by any means, including by computer.

3.     In consideration of the defendant's guilty plea, the United States agrees to move the Court at the time of sentencing to dismiss the remaining counts against the defendant in this indictment.

4.     In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements.  These are the facts submitted for purposes of the defendant's guilty plea.  They do not necessarily constitute all of the facts in the case.  Other facts may be relevant to sentencing.  Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

a.  Investigators received several Cybertips from the National Center for Missing & Exploited Children (NCMEC). The tips came from Google Inc. after Google identified the defendant's email accounts as receiving and downloading child pornography.

b.  The first report was from October 30, 2021, it contained 27 videos and 186 photos of child pornography, including two images containing sexual abuse of toddlers. There were also 72 realistic anime images depicting children in sexual acts. From October 2021 to April 2022 Google notified NCMEC of 15 more instances involving the defendant's email accounts.

c.  In total the defendant made 383 downloads of videos and images of child pornography to his Google accounts. The defendant also downloaded numerous anime images that were depicting children in sexual acts.

d.  On April 28, 2022, investigators executed a state search warrant at the defendant's home in Elizabethton, Tennessee. During the execution of the warrant, investigators seized various electronic devices, a blowup sex doll with a

2

packing slip that said, "Blow up Stepdaughter doll," child's underwear, and a methamphetamine pipe that contained residue.

e. The blowup sex doll and child's underwear were located next to Virtual Reality Glasses and Controller. The defendant lives with his eight-year-old female cousin. The defendant stole underwear from this cousin and used the underwear on the sex doll.

f. The defendant has been downloading and viewing child pornography for approximately ten years. The defendant saves the images to a secure file on his phone. The file is saved on his Google account.

g. The defendant agrees and stipulates that computer are a facility of interstate commerce and the internet is a means of interstate commerce.

h. The defendant further agrees and stipulates that the above-mentioned videos and images of child pornography meet the definition of child pornography pursuant to Title 18, United States Code § 2256(8).

i. The defendant agrees and stipulates that following Special Offense Characteristics do apply:

  i. U.S.S.G. § 2G2.2(b)(7)(D) The offense involved 600 or more images.

5. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

  a) the right to plead not guilty;

  b) the right to a speedy and public trial by jury;

  c) the right to assistance of counsel at trial;

d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

e) the right to confront and cross-examine witnesses against the defendant;

f) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

g) the right not to testify and to have that choice not used against the defendant.

6. The parties agree that the appropriate disposition of this case would be the following as to each count:

a) The Court may impose any lawful term of imprisonment, any lawful fine, and any lawful term of supervised release up to the statutory maximum(s);

b) The Court will impose special assessment fees as required by law; and

c) The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea. The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal

4

history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

7.    Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines.  Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines.  Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8.    The defendant agrees to pay the special assessment in this case prior to sentencing.

9.    The items listed below were seized from the defendant.  The defendant agrees that the following items contain child pornography or contraband, and the parties agree these items will be destroyed and will not be returned to the defendant:

1. iBoost Mobile Samsung Phone, seized from the defendant on April 28, 2022;
2. External Hard Drive-NZ0MD8XK, seized from the defendant on April 28, 2022;
3. External Hard Drive-Pink Case, seized from the defendant on April 28, 2022;
4. PS4 Gaming Systems-#MF356271888, seized from the defendant on April 28, 2022;

5

5. PS4 Destiny Gaming System-#MB957179514, seized from the defendant on April 28, 2022;
6. Virtual Reality Glasses and Controller, seized from the defendant on April 28, 2022.

The defendant further agrees to assist the United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any civil or criminal forfeiture brought against these properties. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

10. The defendant agrees that the Court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (1) the victims of any offense charged in this case (including dismissed counts); and (2) the victims of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's charged offense(s).

Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure

6

payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

11. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's

7

acceptance of responsibility for the offense committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a) The defendant will not file a direct appeal of the defendant's conviction or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

12. The defendant acknowledges that the defendant has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: (1) where the defendant resides; (2) where the defendant is employed; and (3) where the defendant is a student. The defendant understands that the requirements for registration include providing: (1) the defendant's name; (2) residence address; and (3) the names and addresses of any places where the defendant is, or will be, an employee or a student, among other information. The defendant further understands that the

8

requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations will subject the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by imprisonment, a fine, or both.

13. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea as agreed herein, moving to withdraw guilty plea after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

14. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

9

15. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge, and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

FRANCIS M. HAMILTON, III
UNITED STATES ATTORNEY

10/4/22
Date

By: _____
MEGHAN L. GOMEZ
Assistant United States Attorney

Oct 4 2022
Date

_____
JOSHUA RYAN EVANS
Defendant

10/4/22
Date

_____
CAMERON C. KUHLMAN
Attorney for the Defendant

10