| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.: 2:22-CR-00043 |
| v. | ) | |
| | ) | JUDGE CORKER |
| JOSHUA RYAN EVANS | ) | |

**SENTENCING MEMORANDUM**

Comes now the United States of America, by and through the United States Attorney for the Eastern District of Tennessee, files this sentencing memorandum in compliance with the Court's Order.

I. *Sentencings Factors*

    a. *the nature and circumstances of the offense*

The defendant pleaded guilty to Count One of the indictment, receipt of child pornography, in violation of 18 U.S.C. §§ 2252A (a)(2)(A) and (b)(1). For purposes of this sentencing memorandum, the facts of this offense are set forth in paragraphs 8 through 22 of the Presentence Investigation Report. (Doc. 21, PSR, Page ID# 54-60).

    b. *The history and characteristics of the defendant*

The defendant has a criminal history. (Id. at ¶ 44-8). Most notable the defendant has two prior drug convictions. (Id. at ¶ 44 and 47). Further "[t]he defendant committed the instant offense while under a criminal justice sentence." (Id. at ¶ 50).

The defendant reported to U.S. Probation that he believes he has mental health concerns but has not sought treatment. (Id. at ¶ 65). The defendant does have a history of drug abuse. He reported "he first consumed alcohol at age 16" and "started abusing marijuana daily when he was 16 years old." (Id. at ¶ 66). He began to use methamphetamine at 18 years old. (Id.) "He indicated he abused the substance every other week for one year and last used methamphetamine when he was 19 years old." (Id.) The United States would note that the defendant's claim that he last used methamphetamine at 19 contradicts the factual basis. During the search of the defendant's home, investigators

found "a methamphetamine pipe that contained residue." (Id. at ¶ 11). Further, the Presentence Report does not address the defendant's likely substance abuse history with prescription pills as indicated by his criminal convictions at 23 and 31 years old. (Id. at ¶ 44 and 47). Nonetheless, the defendant does recognize that he does need treatment and "expressed an interest in participating in substance abuse treatment while he is serving his sentence." (Id. at ¶ 66).

    c.   *To reflect the seriousness of the offense, to promote respect for the law and to provide just punishment of the offense*

"Child pornography is, without qualification, a serious crime." *United States v. Robinson*, 669 F.3d 767, 776 (6th Cir. 2012). The defendant "admitted to downloading thousands of child pornography images and videos over the last 10 years." (Doc. 21 at ¶ 18). Many of the images and videos possessed by the defendant portrayed toddlers and animals engaged in sexual acts. (Id. at ¶ 19-21). "The defendant also downloaded numerous anime images that were depicting children in sexual acts." (Id). Most concerning, the defendant took his 8-year-old cousin's underwear and placed them on a blowup sex doll. (Id at ¶ 11-2). These items were located next to Virtual Reality Glasses and Controller. (Id at ¶ 12).

The defendant participated in the continued exploitation of young children. As a society, it is our duty to protect children. The number of images coupled with the type of images the defendant possessed and shared certainly warrants just punishment.

    d.   *To afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant*

A five-year minimum mandatory prison term is a strong specific deterrence to an individual that receives child pornography. However, as the facts support, the defendant, not only received child pornography, he downloaded child pornography for years and the

type of images possessed and shared by the defendant warrant more than the minimum mandatory. U.S. Probation correctly applied the multiple specific characteristic enhancements listed in USSG § 2G2.2(b). (Id. at ¶ 29-33.) These enhancements consider the number and content of the videos and images.

Additionally, the Court should consider general deterrence as well. "The emphasis should be upon deterring the production, distribution, receipt, or possession of child pornography, … General deterrence is crucial in the child pornography context." *United States v. Robinson*, 669 F.3d 767, 777 (6th Cir. 2012).

e. *To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner*

The United States believes the defendant would benefit from mental health treatment while in the Bureau of Prisons. Additionally, "[t]he defendant expressed an interest in participating in substance abuse treatment while he is serving his sentence." (Id. at ¶ 66).

## II. *Defendant's Objection*

The defendant filed objections to the Presentence Report in this case. (Doc. 24, Defendant's Objections.) Specifically, the defendant objects to the application of §2G2.2(b)(6), for use of a computer, as applied in Paragraph 31 of the Presentence Report. The defendant argues that the enhancement should not apply because the use of a computer almost always applies to a child pornography offense. (Doc. 24). He cites various courts that have chosen not to apply the enhancement in consideration of the excessiveness of the application. (Id.)

The United States certainly agrees that virtually all child pornography offenses involve a computer and qualify for the two-level enhancement, but that should not mean that all defendants deserve less punishment because technology has advanced. Over the

past decade, the Sixth Circuit has repeatedly ruled on this argument. In 2015 the Sixth Circuit recognized that "[t]he enhancement remains relevant—regardless of its frequency of application—because the harm it addresses is real. … the enhancement applies … not because he used a computer, but because his use of a computer ensured that thousands of people had access to videos of children being sexually assaulted over the course of 2012." *United States v. Walters,* 775 F.3d 778, 787 (6th Cir. 2015) As technology advances the Sixth Circuit's position remains the same. "[The computer] enhancement is valid, no matter how often it applies." *United States v. Lynde*, 926 F.3d 275, 280 (6th Cir. 2019). The Sixth Circuit noted in 2022, "[t]he Commission purposefully set both the base offense level and the degree of enhancement with the frequency of computer use in mind. We have adopted that rationale and rejected arguments that the computer enhancement should not be used simply because it is applied frequently." *United States v. Russell*, No. 21-5519, 2022 WL 203330, at *2 (6th Cir. Jan. 24, 2022); citing *Walters* 775 F.3d at 786. The United States implores the Court to consider the Sixth Circuit continuously upholding the application of the enhancement and apply it in this case because "his use of a computer ensured that thousands of people had access to videos of children being sexually assaulted…" *Walters* 775 F.3d at 787.

III.    *Recommendation*

The presentence report prepared by U.S. Probation establishes a "total offense level 34 and a criminal history category of III, the guideline imprisonment range is 188 months to 235 months." (Doc. 21 at ¶ 72). The United States concurs that this is the applicable advisory range.

Because of the forgoing reasons, the United States asks the Court to sentence the defendant within the guideline range. The United State believes this is sufficient but not greater than necessary to reflect the factors enumerated in 18 U.S.C. § 3553(a). The United

States objects to any departure or variance from the correctly calculated sentencing guideline range.

Respectfully submitted,

FRANCIS M. HAMILTON III
United States Attorney

By: s/ *Meghan L. Gomez*
Meghan L. Gomez
Assistant U.S. Attorney
Florida BPR: 68858
220 West Depot Street, Ste. 423
Greeneville, TN  37743
423/639-6759
Meghan.Gomez@usdoj.gov